■ ABRAHAM FELDBIN, Appellant, v TEMPLE BETH-EL OF MANHATTAN BEACH, Respondent. [620 NYS2d 113] —In an action,

*inter alia,* for a judgment declaring the invalidity of a special meeting held by the defendant Temple Beth-El of Manhattan Beach on March 24, 1993, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated July 21, 1993, which denied his motion (1) to vacate the results of the meeting and set a date certain for a new meeting to be held in accordance with Religious Corporations Law §§ 194, 195; or alternatively, (2) to temporarily enjoin the defendant from interfering with the plaintiff acting as rabbi of the defendant Temple, and dismissed the action.

Ordered that the order is affirmed, with costs.

The plaintiff's contract as rabbi of the defendant Temple Beth-El of Manhattan Beach was not renewed by Temple members at a special meeting held on March 24, 1993. We reject the plaintiff's contention that the provisions of Religious Corporations Law, article 10, §§ 194, 195 were applicable to that meeting. Since the defendant's constitution and by-laws specifically provided for the manner in which special meetings were to be called and held, the provisions of Religious Corporations Law article 10 do not apply, and the failure to renew the plaintiff's contract can only be judged in terms of whether the defendant's constitution and by-laws were complied with *(see,* Religious Corporations Law § 25; *cf., Kupperman v Congregation Nusach Sefard,* 39 Misc 2d 107). The record reveals that the meeting of March 24, 1993, was called and held in accordance with the defendant's constitution and by-laws. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.